IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-292-BR

| | |
|---|---|
| MIDLAND FUNDING LLC, and ) | |
| ROBERT J. BERNHARDT ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| RANDY L. THOMAS, ) | |
| ) | |
| Defendants. ) | |

This proceeding, commenced on 7 June 2011, is a pro se case purportedly removed from the North Carolina District Court[1] pursuant to 28 U.S.C. § 1441. By order entered on 10 August 2011 (D.E. 3 at p. 1), the court allowed the motion (D.E. 1) by defendant Randy L. Thomas ("defendant") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). The court's filing of that date also included a memorandum and recommendation (D.E. 3 at pp. 1-2). The case is now before the court for entry of this amended memorandum and recommendation, which supersedes the prior memorandum and recommendation.

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Irrespective of this requirement, a case that was improperly removed is subject to

---
[1] More formally, the North Carolina General Court of Justice, District Court Division.
[2] The frivolity review was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Last Minute Entry dated 10 June 2011).

remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that it was improperly removed. *See, e.g., Deluca v. Massachusetts Mutual Life Insurance Company,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Restaurant Employees and Bartenders International Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

The removal statute provides for removal solely "to the district court of the United States for the district and division *embracing the place where such action is pending.*" 28 U.S.C. § 1441(a) (emphasis added). The caption on the purported notice of removal here (D.E. 4 at p. 1) indicates that the forum for the underlying state case is the District Court for Mecklenburg County. A copy of a writ of execution (D.E. 4-2 at p. 1) filed by defendant bearing the same state case number and parties as the caption on the purported removal notice also shows the District Court of Mecklenburg County as the forum for the case. Mecklenburg County is not within this district, but lies, of course, in the Western District of North Carolina. *See* 28 U.S.C. § 113(c) (listing Mecklenburg County as one of the counties in the Western District). Consequently, the case could properly be removed, if at all,[3] only to that court and not to this court, the United States District Court for the *Eastern* District of North Carolina. Thus, this case was not properly removed and it should accordingly be remanded to Mecklenburg County District Court.

---

[3] There may be other defects in the removal, including tardiness. A defendant is generally required to remove a case within 30 days of receipt of notice of it. 28 U.S.C. § 1446(b). Here, the "09" in the state case number, no. 09-CVD-004400, suggests that the case had been commenced in 2009, and the writ of execution indicates that the judgment was entered in the case in that same year. (*See* Writ of Execution (giving "06/24/09" as "Date Of Judgment")). The instant proceeding, of course, was not commenced until some two years later. The apparent fact that judgment has already been entered by the state court may be another impediment to removal. *See, e.g., Harpagon Co., LLC v. FXM, P.C.*, 653 F. Supp. 2d 1336, 1341 (N.D. Ga. 2009).

2

Case 5:11-cv-00292-BR   Document 5   Filed 08/11/11   Page 2 of 3

For the foregoing reasons, it is RECOMMENDED that this action be REMANDED to Mecklenburg County District Court.

The Clerk shall send copies of this Amended Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Amended Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 11th day of August 2011.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge